# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES VERNON BROWN, | |
| Petitioner, | No. 05-CV-53-LRR |
| vs. | |
| LOWELL BRANDT, Warden, | **ORDER** |
| Respondent. | |

## I. INTRODUCTION

The matter before the court is Petitioner James Vernon Brown's Objections (docket no. 25) to the Report and Recommendation (docket no. 24), which recommends that the undersigned deny his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (docket no. 3-2).

## II. STANDARD OF REVIEW

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Rule 72(b) of the Federal Rules of Civil Procedure provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition

> to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). In his Objections, Petitioner objects to all of the legal conclusions in the Report and Recommendation regarding the merits of his Petition. He also objects to the magistrate judge's threshold decision to "reject[] [Petitioner's] position to the extent he argues the cumulative effect of either the alleged ineffective assistance of counsel or prosecutorial misconduct deprived him of a fair trial." Report and Recommendation (docket no. 24), at 12 n.6 (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996)). Accordingly, the court shall conduct a de novo review.

### III. ANALYSIS

The court adopts all of the factual findings and legal conclusions of the magistrate judge's well-reasoned Report and Recommendation. Two additional points are worth mentioning.

First, the court agrees with the magistrate judge that the court should consider the alleged ineffective assistance of counsel and prosecutorial misconduct separately and not cumulatively. *See Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) ("We have repeatedly recognized 'a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test.'" (Citations omitted.)), *cert. denied*, 127 S. Ct. 980 (2007). In any event, even when the alleged trial errors and instances of alleged prosecutorial misconduct are considered cumulatively, Petitioner is still not entitled to § 2254 relief under the governing standards for such relief that are set forth elsewhere in the Report and Recommendation. In other words, whether Petitioner's claims are considered separately or cumulatively, the result is the same: Petitioner is not entitled to a writ of habeas corpus pursuant to § 2254.

2

Second, it should be borne in mind that much of Petitioner's quarrel with his current incarceration stems from his disagreement with the state courts' application of *State v. Graves*, 668 N.W.2d 860 (Iowa 2003). *Graves* imposed new constraints upon the ability of Iowa prosecutors to cross-examine certain witnesses and to make closing arguments to juries. 668 N.W.2d at 869-84. However, it is not the province of this court to apply *Graves*.

The principal issue in the instant federal proceeding is whether the state courts' adjudication of Petitioner's claims "resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States* . . . ." 28 U.S.C. § 2254(d)(1) (emphasis added). *Graves* finds no support in Supreme Court precedent and is inconsistent with Eighth Circuit Court of Appeals precedent. *See, e.g., United States v. White*, 241 F.3d 1015, 1022-23 (8th Cir. 2001) (affirming federal conviction where prosecutor called the defendant a liar three times during closing arguments); *see also United States v. Mullins*, 446 F.3d 750, 759 (8th Cir.) (quoting *United States v. Robinson*, 110 F.3d 1320, 1327 (8th Cir. 1997)), *cert. denied*, 127 S. Ct. 284 (2006) ("'So long as prosecutors do not stray from the evidence and the reasonable inferences that may be drawn from it, they, no less than defense counsel, are free to use colorful and forceful language in their arguments to the jury.'"). Further, *Graves* cannot be "clearly established Federal law," because there is widespread disagreement as to whether the Constitution actually demands the result in *Graves*, *i.e.*, it is wholly unclear whether the Constitution demands a new trial if a prosecutor asks a defendant to comment on the veracity of another witness and repeatedly calls the defendant a liar in closing arguments. *See United States v. Martin*, 454 F. Supp. 2d 278, 286 (E.D. Pa. 2006) (discussing *Graves* and the consequent split in authority and declining to grant § 2255 relief); *see also State v. Johnson*, 681 N.W.2d 901, 909 (Wis. 2004) (expressly declining to follow *Graves*); *Graves*, 668 N.W.2d at 884 (Cady, J.,

3

dissenting) (pointing out that, while the prosecutor's questions and statements were improper, "the federal case authority used by the majority" did not support the majority's finding of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and the majority's consequent conclusion to grant a new trial).[1]

It may be that Petitioner asks this court to apply *Graves* as an independent state-law doctrine that provides more protection to the accused in Iowa state court cases. *See Schawitsch v. Burt*, 491 F.3d 798, 803 (8th Cir. 2007) ("In *Graves*, the court held it was improper *under Iowa law* for a prosecutor to ask a defendant whether another witness was lying . . . ." (Emphasis added.)). However, the undersigned agrees with the magistrate judge that, in a § 2254 proceeding, "it is not the role of federal courts to second guess the application of state law by state courts." Report and Recommendation (docket no. 24), at 18.

Accordingly, the court shall overrule Petitioner's Objections, adopt the Report and Recommendation and deny the Petition.

### III. CONCLUSION

(1) Petitioner James Vernon Brown's Objections (docket no. 25) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 24) is **ADOPTED**;

(3) The Petition (docket no. 3-2) is **DENIED**; and

(4) For the reasons stated in the Report and Recommendation, a certificate of appealability is also **DENIED**. Having thoroughly reviewed the record in this case, the court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims he raises in his Petition.

---

[1] *See generally* Claire Gagnon, Note, *A Liar by Any Other Name? Iowa's Closing Argument Conundrum*, 55 Drake L. Rev. 471, 493 (2007) ("*Graves* . . . departs from the recognized norm in circuit courts . . . .").

4

*See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability is denied. If he desires further review of his Petition, Petitioner may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 30th day of August, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA